ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
SEP 10 1999
NANCY DOHERTY, CLERK
By _____ Deputy

| | | |
|---|---|---|
| DEER CREEK APARTMENTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:98-CV-1552-D |
| VS. | § | |
| | § | |
| WMF/HUNTOON, PAIGE | § | |
| ASSOCIATES, LTD., | § | |
| | § | |
| Defendant. | § | |

## TRIAL SETTING ORDER

TRIAL SETTING:         May 15, 2000

COUNSEL AND THEIR STAFFS ARE DIRECTED TO READ THIS ORDER BEFORE CONTACTING THE COURT FOR INFORMATION. THIS ORDER CONTAINS BASIC INFORMATION THAT ADDRESSES MANY OF THE INQUIRIES RECEIVED BY THE COURT. QUESTIONS CONCERNING THIS ORDER MAY BE ADDRESSED TO THE JUDGE'S SECRETARY (214) 753-2333. DO NOT CALL THE LAW CLERKS.

### Application of Rules

1.  The parties shall comply with the Federal Rules of Civil Procedure and the local civil rules of this court. If the court, by order entered in this case, has modified the application of a Federal Rule of Civil Procedure or a local civil rule, the court's order governs.

### Trial Setting and Pretrial Conference

2.  This civil action is set for trial, on the date indicated, for a two-week docket. When the term "trial setting" is used in this order, it means the date set out above. The court will assume that counsel and their clients are available to commence trial at any time during the two-week period unless the court has otherwise given prior approval. If the case is not reached for trial during this period, the trial date will be reset.

3.  Counsel with out-of-town witnesses or other scheduling concerns that require more than the usual advance notice should advise the court by letter. When possible, the court will attempt to accommodate reasonable scheduling conflicts of counsel and their clients.

ENTERED ON DOCKET
SEP 13 1999
U.S. DISTRICT CLERK'S OFFICE

23

4. A pretrial conference will usually be conducted, telephonically or in person, no later than the week that precedes the date that trial is expected to begin. If the court anticipates imposing time limits on the presentation of evidence that significantly reduce the parties' estimated trial length, the court will conduct a pretrial conference sufficiently in advance of trial so that counsel will have reasonable notice of such limits. *See infra* at ¶ 6.

## Motions for Continuance

5. LR 40.1 provides: "A motion for continuance of a trial setting must be signed by the moving party as well as by the party's attorney of record. Unless the presiding judge orders otherwise, the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case."

## Limitations on Presentation of Evidence

6. Section VII of the court's Civil Justice Expense and Delay Reduction Plan, Misc. Order No. 46, permits the presiding judge to "limit the length of trial, the number of witnesses each party may present for its case, the number of exhibits each party may have admitted into evidence, and the amount of time each party may have to examine witnesses." Accordingly, before commencement of the trial of this case, the court will impose time limits on the presentation of evidence, and may set other limits permitted by the Plan. Unless leave of court is obtained, the court will also limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The court also follows the scope of cross-examination rule of Fed. R. Evid. 611(b).

## Trial Materials, Pretrial Disclosures, and Proposed Pretrial Order

7. The deadlines for complying with LR 16.4 (pretrial order), LR 26.2(a) and (c) (exchanging exhibits and designating deposition excerpts), LR 26.2(b) (lists of exhibits and witnesses), LR 51.1 (requested instructions and questions in jury cases), and LR 52.1 (proposed findings and conclusions in nonjury cases) are modified so that each rule must be complied with no later than 14 days before the date of the trial setting. The parties' obligation to comply with LR 26.2(a), (b), and (c) is in addition to their obligation to comply with Fed. R. Civ. P. 26(a)(2) and (3). All exhibits, except those offered solely for impeachment, that a party intends to offer at trial must be marked with gummed labels or tags that identify them by the exhibit number under which they will be offered at trial, and must be exchanged with opposing parties at least 3 days before the date of the trial setting. When practicable, a copy of such exhibits must be furnished to court. Unless the court advises the parties otherwise, however, they must not deliver trial exhibits, or the court's copies of such exhibits, to the court or to the court reporter before the date the trial actually commences.

8. The court construes LR 26.2(a) and (b) to require the exchanging and listing of any exhibit (except impeachment documents) that a party intends to offer in evidence or to use in the presence of the court or jury as a demonstrative aid, regardless whether the party intends to

      move its admission in evidence. The court construes narrowly the impeachment exceptions of Fed. R. Civ. P. 26(a)(3) and LR 26.2(a) and (b).

9. Witness lists and exhibit lists must be prepared as separate documents. Exhibit lists must contain a brief description (*e.g.*, July 1, 1997 contract) of each exhibit, and must separately list each exhibit by the number that will be used at trial. Do not use letter suffixes to identify exhibits (*e.g.*, designate them as 1, 2, 3, not as 1A, 1B, 1C). Witness lists must separately list each witness and must separately identify expert witnesses. As required by Fed. R. Civ. P. 26(a)(3)(A) and (B), witness lists must designate witnesses whom the party expects to present and those whom the party may call if the need arises.

10. The parties must submit proposed voir dire questions, if any, at least 14 days before the date of the trial setting. The court will conduct the principal voir dire. Unless counsel are otherwise notified, the court will permit one attorney per side to ask follow-up questions (a time limit of ten minutes is usually imposed).

11. The parties must submit the original and one copy of the proposed pretrial order (styled as the "Pretrial Order") directly to the undersigned's chambers. Do not file it with the clerk. The court will direct the clerk to file it after the court signs it. The parties must jointly submit one proposed pretrial order, signed by at least one counsel of record for each party, or personally by any party proceeding *pro se*. If a party objects to a part of the proposed pretrial order that an opposing party has included, the objecting party may note its objection in the proposed pretrial order, but must otherwise participate in the submission of a single, joint proposed pretrial order.

## Motions in Limine

12. Motions in limine must not be filed as a matter of course. If filed, counsel must file and serve them on the opposing parties at least 14 days before the date of the trial setting. Responses must be filed and served at least 7 days before the date of the trial setting. Replies to responses will not be permitted.

13. Motions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party *and* (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

## Attorney's Fees

14. Unless the substantive law governing the action provides for the recovery of attorney's fees as an element of damages to be proved at trial, the court will consider attorney's fee claims on motion made after entry of judgment. *See* Fed. R. Civ. P. 54(d). The parties are not

required to list witnesses or exhibits regarding an attorney's fee claim unless the claim is to be proved at trial.

### Trial Schedule

15. The court's normal working hours during trial are 9:00 a.m. to 5:00 p.m., Monday through Thursday. The court permits juries to deliberate on Fridays, but otherwise reserves that day for its weekly criminal docket.

### Reassignment of Case to the Magistrate Judge

16. Federal law provides that, with the consent of all parties, the court can reassign this case to the magistrate judge for further proceedings and trial. In this court, the assignment is made to the magistrate judge randomly assigned to the case at the time it was docketed. This procedure does not adversely affect the right of jury trial or of appeal directly to the circuit court. It also improves the parties' chances for a more certain trial date and generally reduces litigation expenses. A party is free to withhold consent without adverse substantive consequences. If the parties wish to exercise this option, they should contact the clerk's office for information concerning the necessary forms.

### Prisoner Litigants

17. If a party to this action is a prisoner, the prisoner (or, if applicable, prisoner's counsel) is responsible for applying to the court for, and submitting to the court a proper form of, a writ of habeas corpus *ad testificandum* so that the court can obtain the party's presence for trial. If a prisoner-litigant fails to comply with this requirement at least 30 days before the trial setting, the case will be subject to dismissal or entry of a default judgment (depending on whether the prisoner is a plaintiff or defendant) without additional notice to the prisoner-litigant.

**SO ORDERED.**

September __10__, 1999.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE